UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL HUGH CHILDS,

       Plaintiff,

v.                                                                           Case No. 06-10171
                                                                                Hon. Victoria A. Roberts

SALVATION ARMY; MATTHEW O'NEAL and
MINDY O'NEAL

       Defendants.
_____

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Motion to dismiss and for summary judgment. For the following reasons, the Court **GRANTS** the Motion.

**II.    BACKGROUND**

This action arises out of the termination of Plaintiff's employment with Defendant Salvation Army as a bell ringer. Salvation Army Officers Matthew and Minde O'Neal are also Defendants.

On October 25, 2004, Plaintiff applied to be a bell ringer. A bell ringer is a temporary position that lasts approximately one month, during the Christmas holiday.

Plaintiff began work as a bell ringer on November 19, 2004. According to Defendant, Plaintiff was terminated a short time later because he lied on his employment application, stating that he had no felony convictions. A criminal

1

background check, in fact, revealed felony convictions.

According to Plaintiff, when he and his girlfriend went to pick up his paycheck, he was told by Defendant Matthew O'Neal that he was being terminated because "[Defendant's] kind wasn't needed around here." When Plaintiff asked if Defendant O'Neal was referring to Plaintiff's race, O'Neal allegedly responded "yes niggers, and it would be in the best interest of the people of the church." Plaintiff concedes that he was also told he was being terminated because of his criminal record.

Plaintiff also mentions that he was not allowed to enroll as a "Senior Soldier" in the Salvation Army organization. Defendant claims he was not allowed to enroll because it was discovered that he resides with his pregnant girlfriend. Defendant has three requirements for acceptance as a Soldier: (1) no alcohol, tobacco, or addictive drug use; (2) no cohabitation unless married; and (3) no voluntary desertion of spouse.[1]

Plaintiff filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Michigan Department of Civil Rights ("MDCR"), apparently he did not obtain relief. On January 11, 2006, Plaintiff filed a Complaint in this Court, alleging: (1) violation of Title VII based on racial, sex, religious, and national origin discrimination; (2) violation of the Equal Pay Act; (3) violation of the Elliott-Larsen Civil Rights Act; and (4) various state law tort claims.

On February 22, 2006 Defendants filed a Motion to dismiss and for summary judgment.

---

[1] Although Plaintiff mentions "soldier" status in his Complaint, he does not provide facts to state any cognizable claim. Accordingly, Plaintiff's claims are based only on the termination of his employment.

**III.     STANDARD OF REVIEW**

"[A] complaint may be dismissed for failure to state a claim upon which relief can be granted.  The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true.  When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.  Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted).

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995).  A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties."  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).  The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor.  *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

**IV.     APPLICABLE LAW AND ANALYSIS**

   **A.     Title VII**

3

Plaintiff's claims under Title VII for sex, religious and national origin discrimination will be dismissed.

"An individual may not file suit under Title VII if [he] does not possess a 'right to sue' letter from the [Equal Employment Opportunities Commission ("EEOC")]." *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999). *See also* 42 USC §2000e-5(f)(1).

Plaintiff does not present the Court with a right to sue letter, and does not allege in response to Defendants' Motion that he has obtained one or is in the process of obtaining one. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). "[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* (citation omitted).

However, with respect to Plaintiff's claim of racial discrimination in violation of Title VII, the Court did receive a copy of the Notice of Charge of Discrimination for a claim of race discrimination against the Salvation Army. Although Plaintiff does not provide a copy of a right to sue letter, he presumably obtained one. And, it is well-settled that *pro se* complaints, such as Plaintiff's, are to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)(citation omitted).

But, this claim of racial discrimination is dismissed for other reasons. In order to state a claim for racial discrimination under Title VII, the allegations must be that: (1)

4

plaintiff was a member of the protected class; (2) plaintiff suffered an adverse employment action; (3) plaintiff was qualified for the position either lost or not gained; and (4) a person not of the protected class replaced, or was selected over, the plaintiff. *Manzer v. Diamond Shamrock Chemicals Company*, 29 F.3d 1078, 1081 (6th Cir. 1994). Proof of these elements creates a rebuttable presumption that the employer unlawfully discriminated against the employee. *Id.*

Plaintiff is a member of a protected class and suffered an adverse employment action when he was terminated as a bell ringer. Defendant does not dispute that Plaintiff was qualified for the position, and he in fact worked for a short time in the position. Lastly, Plaintiff asserts that whites were employed by Defendants who have criminal records. These allegations are sufficient to establish a prima facie case.

Plaintiff's allegations result in a rebuttable presumption of discrimination. "Once the plaintiff has made a prima facie case, the burden shifts to the defendant to rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason." *Id.* at 1082. The employer's credibility is not assessed at this stage, only its ability to establish a nondiscriminatory reason. *Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1166-1167 (6th Cir. 1996).

Defendants offer a legitimate nondiscriminatory reason for Plaintiff's termination. Plaintiff lied on his employment application regarding felony convictions. Plaintiff does not argue otherwise. Further, Defendants provide evidence that the white employees whom Plaintiff alleged were treated differently, do not have criminal histories. Defendants also identify a white bell ringer who was terminated when they determined

he lied on his employment application regarding his criminal history.

Because Defendants establish a legitimate nondiscriminatory reason for Plaintiff's termination, the presumption raised by the prima facie case is rebutted. *Thurman*, 90 F.3d at 1166. "The ultimate burden of persuasion remains with the plaintiff to prove that the employer's reasons were a pretext for discrimination *and* that the employer intended to discriminate on the basis of race." *Id.* (citation omitted)(emphasis original).

"To make a submissible case on the credibility of [an] employer's explanation, the plaintiff is required to show by a preponderance of the evidence either: (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate [the employment decision], or (3) that they were insufficient to motivate [the employment decision]. *Peters v. Lincoln Electric Company*, 285 F.3d 456, 460 (6th Cir. 2002).

In his Response, Plaintiff fails to establish that Defendants' proffered reason for his termination was pretext. While he does argue that Defendant Matthew O'Neal already knew about his criminal history, he does not allege that anyone involved in the decision to terminate his employment already knew of his criminal history. Plaintiff also admits that it was not O'Neal who terminated him. [Response, p. 3]. Plaintiff does not argue that he did not have a criminal history; that his criminal history was not a motivating factor, or that his criminal history was insufficient to motivate his termination.

Accordingly, Defendants are entitled to summary judgment on Plaintiff's claim of racial discrimination in violation of Title VII.

**B.    Equal Pay Act**

To establish a prima facie case under the Equal Pay Act, Plaintiff must show that "an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."  *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974).

Plaintiff's claim under the Equal Pay Act is baseless and he does not allege sufficient facts to establish a prima facie case.  Thus, this claim is dismissed.

### C.     Remaining State Law Claims

Plaintiff's only remaining claims are state law claims.  "[I]f the federal claims are dismissed before trial...the state claims should be dismissed as well."  *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to dismiss and for summary judgment.

**IT IS SO ORDERED.**

                                                    s/Victoria A. Roberts
                                                    **Victoria A. Roberts**
                                                    **United States District Judge**

**Dated:  July 25, 2006**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 25, 2006.**

**s/Linda Vertriest**
**Deputy Clerk**